**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Kay Kohus,<br><br>               Plaintiff,<br><br>v.<br><br>Andrew M. Saul,<br>Acting Commissioner of Social Security,<br><br>               Defendant. | No. CV-19-0311-TUC-BGM<br><br>**ORDER** |

Currently pending before the Court is Plaintiff's Opening Brief (Doc. 16). Defendant filed his Answering Brief and Countermotion for Remand ("Response") (Doc. 19), and Plaintiff filed her Reply (Doc. 20). Plaintiff brings this cause of action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g). The United States Magistrate Judge has received the written consent of both parties, and presides over this case pursuant to 28 U.S.C. § 636(c) and Rule 73, Federal Rules of Civil Procedure.

**I.      BACKGROUND**

On October 20, 2015, Plaintiff protectively filed a Title II application for Social Security Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") alleging disability as of September 1, 2009 due to bipolar disorder, schizoaffective disorder, depression with psychosis, post-traumatic stress

disorder, and social phobia.[1]  *See* Administrative Record ("AR") at 42, 84, 96, 113–15, 172, 301.  The Social Security Administration ("SSA") denied these applications on March 2, 2016.  *Id.* at 45, 191–98.  On March 29, 2016, Plaintiff filed a request for reconsideration, and on July 22, 2016, SSA denied Plaintiff's Title II application upon reconsideration, but approved her application for Title XVI payments as of Plaintiff's protective filing date.  *Id.* at 45, 199–200, 203–08, 227–44.  On August 1, 2016, Plaintiff filed her request for hearing.  *Id.* at 45, 209–10.  On December 13, 2017, a hearing was held before Administrative Law Judge ("ALJ") Peter J. Baum.  *Id.* at 45, 60–83.  On May 16, 2018, the ALJ issued a partially favorable decision.[2]  AR at 41–54.  On June 25, 2018, Plaintiff requested review of the ALJ's decision by the Appeals Council, and on June 4, 2019, review was denied.  *Id.* at 1–8, 251–52.  On June 12, 2019, Plaintiff filed this cause of action.  Compl. (Doc. 1).

## II.   ANALYSIS

The parties agree that remand is appropriate in this case.  *See* Response (Doc. 19) at 4.  The disagreement surrounds whether this Court should remand the matter for a finding of disability and award of benefits, or for further administrative proceedings.  *See* Pl.'s Opening Br. (Doc. 16); Def.'s Response (Doc. 19); Pl.'s Reply (Doc. 20).  Plaintiff raises five (5) issues for review, including whether 1) the ALJ found that Plaintiff did not have a "severe" substance use disorder prior to October 20, 2015; 2) the ALJ provided legally sufficient reasons for rejecting the October 2014 opinions of Agency examining psychologist Dr. Rohen; 3) the ALJ gave legally sufficient germane reasons for rejecting the April 2016 opinions of treating nurse practitioner Ms. Rosen; 4) the July 2016

---

[1] The ALJ noted that "[t]he claimant previously filed Title II applications on November 30, 2011 and February 27, 2014[,] . . . [but] determined that the previous determinations will not be reopened[.]" AR at 45.

[2] The ALJ found Plaintiff disabled as of October 20, 2015; however, because her date last insured was December 31, 2014, her DIB claim was denied.  *See Flaten v. Sec'y of Health and Hum. Servs.*, 44 F.3d 1453, 1461 (9th Cir. 1995) ("The claimant is eligible for coverage only if the current period of disability extends back continuously to an onset date prior to the expiration of insured status.").

reconsideration determinations of non-examining State-agency psychologist Dr. Brode is substantial evidence for the ALJ's residual functional capacity assessment for the period prior to October 20, 2015; and 5) the ALJ complied with Social Security Ruling ("SSR") 00-4p. Pl.'s Opening Br. (Doc. 16) at 1–2. Plaintiff seeks this Court to "enter judgment under sentence four of 42 U.S.C. § 405(g), reversing the Commissioner's final decision without a remand for a hearing, i.e., for a finding of clear disability and an award of benefits, for the period from October 30, 2014 through October 19, 2015." Pl.'s Reply (Doc. 20) at 11. "The Commissioner agrees that the ALJ improperly relied on Dr. Brode's opinion insofar as Dr. Brode appears to have selected the October 20, 2015 onset date without identifying any medical basis for doing so[,] [and] . . . insofar as the ALJ rejected Dr. Rohen's opinion and Ms. Rosen's assessment because they did not adequately consider or address alcohol/drug use, the Commissioner agrees that these reasons are internally inconsistent with the ALJ's finding that substance use disorder was not a contributing factor material to the determination of disability." Def.'s Response (Doc. 19) at 5. As such, the Commissioner seeks a remand order that "instruct[s] the ALJ to: further consider the opinion evidence in the record pursuant to 20 C.F.R. § 404.1527, including the opinions of Dr. Rohen (Exhibit 4F) and Ms. Rosen (Exhibit 6F); further consider Plaintiff's subjective complaints; further consider Plaintiff's residual function capacity; if necessary, obtain supplemental vocational expert evidence; and issue a new decision for the period through December 31, 2014." Response (Doc. 19) at 5.

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. §405(g). "'[T]he decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court.'" *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989) (*quoting Stone v. Heckler,* 761 F.2d 530, 533 (9th Cir. 1985)). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (*citing Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir. 2000)). Conversely, remand for an award of benefits is appropriate where:

>(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Benecke,* 379 F.3d at 593 (citations omitted). Where the test is met, "we will not remand solely to allow the ALJ to make specific findings. . . . Rather, we take the relevant testimony to be established as true and remand for an award of benefits." *Id*. (citations omitted); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "Even if those requirements are met, though, we retain 'flexibility' in determining the appropriate remedy." *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014).

Here, it is undisputed that the ALJ committed legal error in rejecting examining physician testimony and discounting other source testimony. On October 27, 2014, Noelle Rohen, Ph.D. examined Plaintiff and observed:

>Psychiatric conditions are expected to be chronic with limited prognosis for significant additional improvement (though stabilization remains a reasonable goal); treatment has been consistent and aggressive, it appears, and has kept her from hospitalization in the past couple of years, but she does not appear to have been able to progress on the work front despite attempts. Should Ms. Kohus be awarded Disability benefits, it is this evaluator's opinion that she may benefit from assistance in managing them, given mother's report of inability to manage during mania, and claimant's acknowledgment of extended periods of amnesia during psychiatric deteriorations.

AR at 615. "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). The Court finds that the record is well developed and no outstanding issues must be resolved before a determination of benefits can be made. The Court further finds that it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence properly credited. As such, the Court agrees with Plaintiff that a finding of disability and an award of benefits is appropriate for the period from October 30, 2014 through October

19, 2015 is appropriate.

### III. CONCLUSION

In light of the foregoing, the Court REVERSES the ALJ's decision and the case is REMANDED for further proceedings consistent with this decision.

Accordingly, IT IS HEREBY ORDERED that:

1) Plaintiff's Opening Brief (Doc. 16) is GRANTED;

2) The Commissioner's decision is REVERSED and REMANDED for calculation and award of benefits. 42 U.S.C. § 405(g); and

3) The Clerk of the Court shall enter judgment, and close its file in this matter.

Dated this 30th day of November, 2020.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge